**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WILMA GÁNDARA-GORRITZ,<br><br>**Appellant,**<br><br>v.<br><br>SCOTIABANK DE PUERTO RICO,<br><br>**Appellee.** | **Civil No.** 19-1590 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Appellant Wanda Gándara-Gorritz ("Gándara") appeals the United States Bankruptcy Court for the District of Puerto Rico ("bankruptcy court")'s order denying the reconsideration of its *sua sponte* decision to dismiss Gándara's bankruptcy case. (Docket No. 9.) Appellee Scotiabank de Puerto Rico ("Scotiabank") opposes Gándara's appeal. (Docket No. 10.) For the reasons set forth below, the Court **AFFIRMS** the bankruptcy court's decision.

I. Background

On September 18, 2018, Gándara filed a chapter 13 plan in the bankruptcy court. (Bankr. Docket No. 21.) On November 2, 2018, the bankruptcy court scheduled Gándara's confirmation hearing for April 2019. (Bankr. Docket No. 36.) On April 3, 2019, the bankruptcy court denied confirmation of Gándara's chapter 13 plan because of her "failure to appear" and the "trustee's unfavorable report," which had been filed on March 26, 2019. (Bankr. Docket

Nos. 63 and 65.) The bankruptcy court notified Gándara that pursuant to Puerto Rico Local Bankruptcy Rule 3015-3(g) ("Rule 3015-3(g)"):

> [T]he court may dismiss the case, unless within fourteen (14) days after denial of confirmation: (A) the debtor filed an amended plan; (B) the debtor moves to convert the case to another chapter of the Bankruptcy Code; (C) the debtor requests the court to alter or amend the order denying confirmation pursuant to Fed. R. Bankr. P. 9023 stating with particularity how the issues that prevented confirmation of the proposed plan have been resolved with the trustee and/or the objecting creditor; or (D) the court orders otherwise.

P.R. Loc. Bankr. R. 3015-3(g).

Because Gándara failed to take any action pursuant to Rule 3015-3(g) during the fourteen-day period, the bankruptcy court dismissed her case *sua sponte* on May 7, 2019. (Bankr. Docket No. 70.) On May 8, 2019, Gándara filed a motion for reconsideration of the bankruptcy court's dismissal. (Bankr. Docket No. 71.) The bankruptcy court denied Gándara's motion "for the reasons in the opposition filed by Scotiabank, which the [bankruptcy] court adopt[ed]," on June 4, 2019. (Bankr. Docket Nos. 73 and 76.)

On June 16, 2019, Gándara filed a notice of appeal contesting the bankruptcy court's denial of her motion for reconsideration. (Bankr. Docket No. 82.) Gándara contends that the bankruptcy court (1) "erred in allowing Scotiabank [] to have standing to file a

Proof of Claim when said party had no claim whatsoever because its claim was time-barred;" (2) "erred in not allowing a reasonable time extension . . . to reply to Scotiabank [] . . . due to undersigned health issues;" and (3) "erred in not making statements of facts and considerations of law in granting Scotiabank's Motion to Dismiss." (Docket No. 9 at p. 6.) The Court disagrees.

**II.  Jurisdiction**

Because the bankruptcy court's *sua sponte* dismissal of Gándara's case and denial of her motion of reconsideration are final orders, this Court has jurisdiction to hear her appeal pursuant to 28 U.S.C. § 158(a).  28 U.S.C. § 158(a); In re Witkowski, 523 B.R. 300, 305 (B.A.P. 1st Cir. 2014) (internal quotation marks and citations omitted) ("An order dismissing a chapter 13 case is a final, appealable order.  An order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits.").

**III. Standard of Review**

The Court reviews "a bankruptcy court's decision to dismiss a chapter 13 case for abuse of discretion." In re Witkowski, 523 B.R. at 305 (citing Howard v. Lexington Invs., Inc., 284 F.3d 320, 322 (1st Cir. 2002)).  "A bankruptcy court's order dismissing a debtor's case should be overturned only if the debtor[] establish[es] that the bankruptcy court committed a clear abuse of

discretion." In re Roberts, 279 B.R. 396, 399 (B.A.P. 1st Cir. 2000), aff'd, 279 F.3d 91 (1st Cir. 2002) (citation omitted). A decision to deny a motion for reconsideration is reviewed for abuse of discretion. In re Witkowski, 523 B.R. at 305 (citing Ruiz-Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81 (1st Cir. 2008)).

"An abuse of discretion occurs when the trial court ignores a material factor deserving significant weight, relied upon an improper factor, or assesses all proper and no improper factors, but makes a serious mistake in weighing them." In re Jackson, No. 13-01064-MSH, 2017 WL 3822869, at *14 (B.A.P. 1st Cir. Aug. 23, 2017) (internal quotation marks omitted) (quoting In re Stewart, No. MB 12-017, 2012 WL 5189048, at *5 (B.A.P. 1st Cir. Oct. 18, 2012)). "The appellant carries the burden of showing an abuse of discretion—and the burden is a heavy one." Id. (internal quotation marks omitted) (quoting Thibeault v. Square D Co., 960 F.2d 239, 242 (1st Cir. 1992)).

**IV. Discussion**

Gándara's contentions are unavailing because she fails to demonstrate any abuse of discretion by the bankruptcy court. See In re Jackson, No. 13-01064-MSH, 2017 WL 3822869, at *14 (citation omitted). Gándara does not allege that the bankruptcy court "ignore[d] a material factor deserving significant weight" or "relied upon an improper factor," nor does she allege that the

bankruptcy court "assesse[d] all proper and no improper factors, but ma[de] a serious mistake in weighing them."  See id.; Docket No. 9.  While Gándara may disagree with the bankruptcy court's decision to deny her motion for reconsideration, her arguments do not satisfy the heavy burden required for this Court to reverse the bankruptcy court's order.  See id.  Moreover, "[a] proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute *prima facie* evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  "The presumption of validity remains until the objector introduces evidence sufficient to rebut the *prima facie* case."  In re Gracey, 79 B.R. 597, 601 (Bankr. E.D. Pa. 1987) (citations omitted).  There is no record that Gándara introduced sufficient evidence before the bankruptcy court to rebut Scotiabank's *prima facie* claim.

**V.  Conclusion**

For the reasons set forth above, the bankruptcy court's order denying the reconsideration of its *sua sponte* decision to dismiss Gándara's bankruptcy case is **AFFIRMED.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 6, 2019.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE